IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMAHL BUSSEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. _____ |
| DFS SERVICES LLC, and | ) |
| ZWICKER & ASSOCIATES, PC, | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

COMES NOW defendant Discover Bank, improperly identified in the Complaint as DFS Services, LLC ("Discover" or "Defendant"), by and through undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and preserving its right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the District Court of Jim Wells County, Texas, 79th Judicial District, to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support thereof, Discover respectfully shows unto the Court as follows:

### I. PROCEDURAL HISTORY

1. On or about November 13, 2023, plaintiff Jamahl Bussey ("Plaintiff") filed a complaint against Discover and Zwicker & Associates, PC ("Zwicker") (collectively, "Defendants") in the District Court of Jim Wells County, Texas, 79th Judicial District, which was assigned the case number 23-11-63313-CV (the "Complaint"). *See* Complaint, attached hereto with the state court file as **Exhibit A**.

2. Discover received service of process on November 14, 2023.

3. In the Complaint, Plaintiff states that he "brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ('FDCPA') to obtain statutory damages, actual damages, relief, and other relief for the Defendant's violations of the FDCPA." Complaint, Ex. A ¶ 1. Claimant also asserts claims under Texas Finance Code § 392.304 and seeks "money damages in the amount of $250,000.00 or less, and non-monetary relief as well." *Id.* ¶¶ 1, 20.

4. This case is properly removable, as this Court has both federal question and diversity jurisdiction over this matter.

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

7. This is a civil action arising under the Constitution, laws, or treaties of the United States because, in the Complaint, Plaintiff explicitly states that his claims are brought "under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ('FDCPA')." Complaint, Ex. A ¶ 1. Accordingly, Plaintiff's claims are brought under a federal statute, and this action falls within this Court's original jurisdiction.

### III. SUPPLEMENTAL JURISDICTION

8.  This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because the claims under Texas Finance Code § 392.304 form part of the same case or controversy as Plaintiff's FDCPA claims. The supplemental jurisdiction statute provides, in pertinent part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

9.  In the instant case, both Plaintiff's FDCPA claims and Plaintiff's state law claims under section 392.304 arise out of the same allegations relating to debt collection. *See generally* Complaint, Ex. A. Specifically, Plaintiff claims that Defendants filed a lawsuit against Plaintiff to collect on a debt and obtained an allegedly improper default judgment. *See id.* ¶¶ 9–11. Plaintiff contends that these actions constituted unlawful debt collection actions prohibited by the FDCPA and Texas law. *See id.* ¶¶ 1, 12–21. The Complaint does not even separate out the FDCPA and Texas law claims into separate counts, further demonstrating their intertwined nature. *See id.* Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("If a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States . . . and (B) a claim not within the original or supplemental jurisdiction of the district court . . . the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).").

10. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to advance the interest of justice and to avoid duplication

and inefficiency. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009). In the instant case, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over the demand for relief under the FDCPA, and arise from the same transaction or occurrence as the FDCPA claims. *See* 28 U.S.C. § 1367(c). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. DIVERSITY JURISDICTION

11.     Diversity jurisdiction also exists over this action. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

### A.     The Parties are Diverse.

12.     First, there is complete diversity of citizenship between the parties.

13.     For diversity purposes, an individual's "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). In the Complaint, Plaintiff alleges that he is "a citizen of Jim Wells County, and the State of Texas," and is therefore a citizen of Texas for purposes of diversity jurisdiction. *See* Complaint, Ex. A ¶ 5; *see also MidCap Media Fin., L.L.C.*, 929 F.3d at 313.

14.     Discover Bank is not a citizen of Texas. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the states in which it has been incorporated and in which it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Discover is a corporation that is incorporated in the state of Delaware and has its

principal place of business in Illinois. Thus, Discover is a citizen of the state of Delaware and the state of Illinois.

15. Zwicker & Associates, P.C. is not a citizen of Texas. "[A] professional corporation is treated as any other corporation for diversity purposes." *Louis G. Orsatti, DDS, P.C. v. Allstate Ins. Co.*, No. 5-20-CV-00840-FB-RBF, 2020 WL 5948269, at *2 (W.D. Tex. Oct. 7, 2020) (citing *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix, & von Gontard, P.C.*, 385 F.3d 737, 739 (7th Cir. 2004)). For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). On information and belief, Zwicker is incorporated in Massachusetts with its principal place of business in Massachusetts, and is therefore a citizen of Massachusetts.

16. Accordingly, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1).

### B. The Amount in Controversy Exceeds $75,000.

17. The amount in controversy requirement is satisfied in this case because the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

18. "Typically, the damages demand made in good faith in the plaintiff's complaint is deemed the amount in controversy." *Bustos v. State Farm Lloyds*, No. 4:19-cv-04812, 2020 WL 2771997, at *2 (S.D. Tex. May 8, 2020); *see also* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

19. In the Complaint, Plaintiff states that he seeks "money damages in the amount of $250,000.00 or less, and non-monetary relief as well." Complaint, Ex. A ¶ 1.

20. Accordingly, because Plaintiff seeks damages well above $75,000, the amount in controversy requirement is easily met here, and this Court has diversity jurisdiction over this matter.

## V. ADOPTION AND RESERVATION OF DEFENSES

21. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Texas law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## VI. PROCEDURAL REQUIREMENTS

22. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

23. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Discover to date in this case.

24. This Notice of Removal is filed within thirty days after service of the Complaint on Discover and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

25. Discover has not previously sought similar relief.

26. The United States District Court for the Southern District of Texas, Corpus Christi Division is the District and Division embracing the place where this action is pending in state court.

27. All defendants that have been served in this lawsuit to date join in and consent in filing this removal. A true and correct copy of Zwicker's consent to removal is attached hereto as **Exhibit B**.

28. Discover reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

29. Contemporaneously with the filing of this Notice of Removal, Discover has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the District Court of Jim Wells County, Texas, 79th Judicial District. Written notice of the filing of this Notice of Removal has also been served upon counsel for Plaintiff and Defendants named in this action.

**WHEREFORE**, Discover prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action the District Court of Jim Wells County, Texas, 79th Judicial District, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Respectfully submitted this the 14th day of December, 2023.

*/s/ Reid S. Manley*
Reid S. Manley (TX Bar #24047520)
*Attorney-in-Charge*

**BURR & FORMAN LLP**
420 North Twentieth Street, Suite 3400
Birmingham, Alabama 35203
T: (205) 251-3000
F: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
DISCOVER BANK

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 14th day of December, 2023:

James A. Foley
Ciment Law Firm, PLLC
1751 River Run Suite 280
Fort Worth, TX 76107
T: (833) 663-3289
F: (866) 512-5807
courtfilings@cimentlawfirm.com
james@cimentlawfirm.com
*Attorney for Plaintiff*

                                */s/ Reid S. Manley*
                                OF COUNSEL