IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMAHL BUSSEY,<br>　　Plaintiff | §<br>§<br>§ | |
| vs. | § | Case No. 2:23-cv-00330 |
| | § | |
| DFS SERVICES LLC and<br>ZWICKER & ASSOCIATES,<br>　　Defendants | §<br>§<br>§ | |

## ORIGINAL ANSWER OF DEFENDANT ZWICKER & ASSOCIATES, P.C.

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

　　Defendant Zwicker & Associates, P.C. hereby answers Plaintiff's Complaint and would respectfully show the following:

I. Plaintiff, JAMAHL BUSSEY ("Bussey" or "Plaintiff") brings this action under the Fair Debt Collection Practices Act, 1.5 U.S.C. § 1692, et seq. ("FDCPA"), to obtain statutory damages, actual damages, relief, and other relief for the Defendant's violations of the FDCPA. Plaintiff seeks money damages in the amount of $250,000.00 or less, and non-monetary relief as well. Discovery will be conducted under Discovery Level One, as defined by Texas Rule of Civil Procedure 190.2.

**ANSWER: Zwicker admits that Plaintiff sues under the FDCPA. Zwicker denies that it violated the FDCPA and denies that Plaintiff is entitled to damages or any other relief in this case.**

2.　　Defendant, DFS Services LLC ("Discover") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported credit card obligation

owed by Plaintiff to Discover. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from a credit card account. The principal purpose of Discover's business is the collection of consumer debts using the mail and telephone, and they regularly attempt to collect consumer debts for others. They file debt collection lawsuits in masse. Discover is a "debt collector" as defined by Texas Finance Code 392.001(6). They may be served with process by and through their registered agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

**ANSWER: At this time Zwicker lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint.**

3. Defendant, Zwicker and Associates PC ("Zwicker") attempted to collect a consumer debt allegedly owed by Plaintiff to them from arising from a purported credit card obligation to Discover Bank. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from a credit card account. Zwicker is a law firm whose primary purpose is the collection of debts. They file debt collection lawsuits in masse on behalf of creditors. Zwicker regularly collects debts using the mail and telephone, and they regularly attempt to collect these consumer debts for others: They file debt collection lawsuits in

masse. Zwicker is a "debt collector" as defined by Texas Finance Code 392.001(6) and a third party debt collector as defined by Texas Finance Code 392.001(7). They may be served with process by and through their registered agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

**ANSWER: Zwicker denies that it attempted to collect a consumer debt allegedly owed by Plaintiff to "them". It admits that it attempted to collect a debt that plaintiff owes to Discover Bank. Zwicker admits that it is a law firm and that it regularly collects debts, including consumer debts. It also admits the allegations regarding service through its registered agent. At this time, Zwicker lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 of the Complaint and therefore denies those allegations.**

JURISDICTION AND VENUE

4. Venue is proper in this court as the underlying suit where the violation occurred was brought in Jim Wells County and the Defendants frequently conduct business here.

**ANSWER: Zwicker does not contest venue. It denies that it violated state or federal law.**

5. Plaintiff is a citizen of Jim Wells County, and the State of Texas. Plaintiff is a "consumer"· as defined by Texas Finance Code 392.001(1).

**ANSWER: At this time Zwicker lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint.**

## STANDING

6.      Plaintiff has suffered an injury in fact that is traceable to the Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

**ANSWER: At this time Zwicker lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint.**

7.      Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, He has incurred more legal fees for a bill of review and a motion to quash the receivership.

**ANSWER: At this time Zwicker lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint. Zwicker denies that it violated state or federal law or that it caused Plaintiff any damages.**

8.      Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Belwoodv. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article ill, even if he incurs no other injury[.]").

**ANSWER: At this time Zwicker lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint. Zwicker denies that it violated state or federal law or that it caused Plaintiff any damages.**

FACTUAL ALLEGATIONS

9. On or about March 11, 2022 Discover, by and through their attorneys of record Zwicker and Associated filed a lawsuit styled Discover Bank v Jamalh Bussey, Cause No. 22-03-61790- CV in the 79th Judicial District Court of Jim Wells County, Texas. Plaintiff retained the services of the undersigned counsel, Ciment Law Firm, PLLC (Law Firm), for assistance in the management and defense of their debt.

**ANSWER: Denied to the extent that "Discover" refers to DFS SERVICES LLC. Otherwise, admitted.**

10. The return of service was filed against Bussey on April 25, 2022 and Discover filed a motion for default judgment on May 18, 2022. Bussey retained the services of Ciment Law Form PLLC and on June 2, 2022 an answer was filed with the court and a copy was sent to Discovery by and through Zwicker. It is conformed that Zwicker received a copy of this answer and was aware that Ciment Law was representing Bussey. On June 15, 2022 'Zwicker made Discover's initial disclosures to Ciment.

**ANSWER: Zwicker lacks knowledge or information sufficient to form a belief as to the retention of Plaintiff's counsel. The remainder of Paragraph 10 is admitted. As further answer Zwicker states that Plaintiff's answer was**

**untimely and that Plaintiff was in default at the time it moved for a default judgment.**

11. For whatever reason, The Court entered a default judgment for Discover. Despite knowing that this judgment was infirm, Bussey had answered the lawsuit and was not in default. On August 15, 2022 Discover, by and through Zwicker, served post judgment Discovery. Then on October 13, 2023 Defendant's moved the court to appoint a post judgment receiver.

**ANSWER: Zwicker denies that the judgment was "infirm", as Plaintiff did not move for a new trial, file a notice of appeal, or file a restricted appeal, and the judgment became final as a matter of law. The remainder of Paragraph 11 is admitted. As further answer, Zwicker states that the state court entered judgment unilaterally and without further action or request by it or its client. Had Plaintiff asked that Zwicker agree to a motion to vacate, it would have done so, but Plaintiff made no such request and allowed the judgment to become final for all purposes.**

12. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

**ANSWER: Denied.**

13. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff. Discover knew or should have known that the Bussey was represented by counsel.

**ANSWER: Denied.**

14. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

**ANSWER: Denied.**

15. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an

amount to be proven at trial.

**ANSWER: Denied.**

### RESPONDEAT SUPERIOR LIABILITY

16. The acts and omissions of Defendants, and the other debt collectors employed as agents by Defendants who made misrepresentations to both the Court and the Plaintiff as further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendants.

**ANSWER: Denied.**

17. The acts by Defendants and their agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in· collecting consumer debts.

**ANSWER: Denied.**

18. By committing these acts against Plaintiff, these agents of Defendants were motivated to benefit their principal, the Defendants.

**ANSWER: Denied.**

19. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the Texas Finance Code § 392 in their attempts to collect this debt from Plaintiff.

**ANSWER: Denied.**

## CLAIM FOR RELIEF

20. The Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the Texas Finance Code § 392 include, but are not limited to the following:

A. By attempting to collect on an infirm judgment Plaintiff has violated, among others, Texas Finance Code §392.304(8) by using fraudulent, deceptive, or misleading representations by representing to both The Court, Bussey, and Ciment Law Firm PLLC that they could legitimately use post judgment means. Zwicker and Discover knew full well that an answer was on file when the accepted the judgment and attempted to collect on it.

**ANSWER: Denied.**

## DEMAND FOR JURY TRIAL

21. Plaintiff demands trial by jury in this action.

**ANSWER: Plaintiff's jury demand requires no response.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

I. Declare that Defendant's actions violate the Texas Finance Code §392.304(8).

2. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by Texas Finance Code §392.403,

3. Enter judgment enjoining Defendant's from attempting to collect this alleged debt.

4. Grant such further relief as deemed just.

**ANSWER: Zwicker denies that Plaintiff is entitled to any such relief.**

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Zwicker asserts the defense of failure to mitigate, as Plaintiff failed to take reasonable steps to lessen or completely avoid his alleged damages.

2. Zwicker asserts the defense of litigation privilege and asserts that the conduct complained of was privileged under Texas law.

3. Zwicker asserts that Plaintiff's alleged damages, if any, were caused by an unnamed third party, to-wit: the judge who signed the judgment of which Plaintiff complains.

4. Zwicker asserts the defense of *res judicata*.

5. Zwicker asserts the defense of collateral estoppel.

6. Zwicker asserts that Plaintiff's claims are barred by the Petition Clause of the First Amendment to the Constitution of the United States and by

the *Noerr-Pennington* doctrine.

WHEREFORE, PREMISES CONSIDERED, Zwicker prays that Plaintiff take nothing in this action. Zwicker further prays that it be awarded its fees and costs together with all such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**/s/** Manuel H. Newburger
Manuel H. Newburger
TX Bar No. 14946500; Col. Reg. 41635
S.D. Tex. No. 23234
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANT
ZWICKER & ASSOCIATES, P.C.

# CERTIFICATE OF SERVICE

I certify that on the 21st day of December, 2023, a true copy of the foregoing answer was served on the persons on the Service List below via email.

/s/ Manuel H. Newburger
Manuel H. Newburger

**SERVICE LIST:**

James A. Foley
SBN 24055491
Ciment Law Firm, PLLC
1751 River Run
Suite 280
Fort Worth, Texas 76107
(833) 663-3289 X 3006
Fax (866) 512-5807
James@Cimentlawfirm.com

Reid Stephens Manley
Burr Forman LLP
420 North 20th Street
Ste 3400
Birmingham, AL 35203
205-458-5439
Email: rmanley@burr.com